UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>    25 My RentCo, *et al.*,<br><br>                         Debtors. | Case No. 25-12280 (MG)<br><br>(Jointly Administered) |
| Tribeca Space Managers,<br><br>                    Plaintiff,<br><br>          v.<br><br>Tribeca Mews Ltd., Brad Thurman,<br>as Executor of the Estate of Harold Thurman,<br>Brad Thurman, 25 My RentCo LLC,<br><br>                    Defendants. | Adv. Pro. Case No. 25-01143 (MG) |

**MEMORANDUM OPINION AND ORDER DENYING MOTION OF
DEFENDANTS TO WITHDRAW BRAD THURMAN'S ADMISSION OF
STATUS AS "PRINCIPAL" OF THE SPONSOR**

*A P P E A R A N C E S:*

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Defendants Tribeca Mews Ltd., Brad Thurman as Executor of the Estate of Harold
Thurman, Brad Thurman, and 25 Myrentco LLC*
190 Willis Avenue
Mineola, New York 11501
By:    Thomas J. McGowan, Esq.

             and

**BRAUNSTEIN TURKISH LLP**
*Attorneys for Defendants Tribeca Mews Ltd., Brad Thurman Executor of the Estate of Harold
Thurman, Brad Thurman, and 25 Myrentco LLC*
7600 Jericho Turnpike, Suite 402
Woodbury, New York 11797
By:    William J. Turkish, Esq.

**RIVKIN RADLER LLP**
*Attorneys for Plaintiff*
477 Madison Avenue, Suite 410
New York, New York 10022
By:    Kenneth Murphy, Esq.
       Jeremy Honig, Esq.
       Evan Schieber, Esq.
       Aaron Zerykier, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is defendants Tribeca Mews Ltd. ("Tribeca Mews" or

"Sponsor"), Brad Thurman as Executor of the Estate of Harold Thurman, Brad Thurman

("Brad"), and 25 MyRentco, LLC ("RentCo," collectively the "Defendants") *Motion for*

*Withdrawal of Mistake Admission under CPLR 3123(b) and/or FED. R. CIV. P. 36(b)* (the

"Motion," ECF Doc. # 55).  Plaintiff Tribeca Space Mangers, Inc. ("Plaintiff" or the "Board")

filed a response in opposition to Defendants' motion seeking to withdraw the admission (the

"Opposition," ECF Doc. # 58) along with a declaration of Evan R. Schieber in support of the

Opposition (the "Schieber Decl.," ECF Doc. # 57).

For the reasons discussed below, the Court **DENIES** the requested relief.

## I.    BACKGROUND

The issue in this dispute traces back to the initial State Court Action between Plaintiff

and Defendants, *Tribeca Space Managers Inc. v. Tribeca Mews Ltd., et al.,* (Index No.

653292/2013, NY County) (the "State Court Action").  In response to a notice to admit served by

the Board before the start of trial in the State Court Action in 2017 (the "Notice to Admit"), Brad

2

admitted to being a principal of Sponsor. (Motion at 2.) Defendants claim that these admissions were made by mistake and now seeks to withdraw the admission (*Id.*)

Defendants argue that trial exhibit DX FFF, the Unanimous Written Consent to Action of the Directors in Lieu of a First Meeting of Directors of Tribeca Mews Ltd., establishes that Brad was not a principal of sponsor. (*Id.*) Defendants allege that Brad was merely the Sponsor's Vice President and Director rather than a principal of Sponsor. (*Id.*) Defendant relies on Rule 3123(b) of the New York CPLR and Federal Rule of Civil Procedure 36(b) in making these arguments. (*Id.*)

Plaintiff argues that throughout the thirteen years of litigation since the inception of the State Court Action, Defendants have consistently disclosed that Brad was a principal of Sponsor. (Opposition at 1.) The verified and sworn response to the Notice to Admit where Brad affirmed that he is a "principal of Tribeca Mews" (*Id.*; Schieber decl. Ex. A) is one of the many instances where Brad has held himself out as a principal of Sponsor. Plaintiff alleges that Brad breached his personal fiduciary duties towards the board and that Defendants' Motion is an attempt to minimize any liability Brad would have from not fulfilling sponsor obligations. (Opposition at 1.)

The Court addresses in this Opinion only whether Brad is bound by the admission that he is a "principal" of the Sponsor, not whether he breached a fiduciary duty in that capacity. That issue will be addressed in the Court's decision on the merits of the case.

**A. Defendants' Motion**

Defendants argue that this Court should permit the amendment to the Notice to Admit as is regularly permitted in State and Federal Court. *See e.g., Weeks Stevedoring Co. v. Raymond Int'l Builders, Inc.*, 1995 WL 766309, at *10 (S.D.N.Y. Dec. 28, 1995) (permitting an

3

amendment to a response to a request for admission as it "will serve the merits of the case is not clearly erroneous or contrary to law."). Defendants note that FED. R. CIV. P. 36(b) states that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b). The New York CPLR 3123(b) states, "the court, at any time, may allow a party to amend or withdraw any admission on such terms as may be just." CPLR 3123(b). Defendants argue that either of these standards would allow for an amendment to a mistaken admission. (Motion at 2.)

The Defendants apply a two-part test adopted by this district to determine if amendment is proper: "(1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result." *Stewart v. Hudson Hall LLC*, 2021 WL 406743, at *2 (S.D.N.Y. Feb. 5, 2021). Defendants argue that the first prong on the merits has been met as relying on an erroneous admission would allow Plaintiff to be unfairly advantaged. (Motion at 4.) Defendants maintain that the second prong is also met as Plaintiff was not deprived of the ability to conduct the necessary discovery; Plaintiff had already certified that they conducted necessary discovery *and* DX FFF conclusively establishes that Brad was not a principal of Sponsor. (*Id.* at 5.) Additionally, Defendant argues that there is cause to allow the amendment under CPLR 3123(b). The CPLR grants courts broad discretion to allow a party to amend or withdraw an existing admission made in response to a notice to admit. (*Id.*) Defendants argue that as DX FFF conclusively establishes that the admission was made mistakenly, and that amendment is warranted. (*Id.*)

4

**B. Plaintiff's Opposition**

Plaintiff claims Defendants' many assertions that Brad is principal of the Sponsor, both in court filings and to Plaintiff directly, necessitate this Court to deny leave to amend.  The Opposition contains excerpts of such examples.

At the outset, Plaintiff notes that in their initial complaint filed in September 2013 in the State Court Action and their amended complaint filed in January 2022, Plaintiff referred to Brad as principal of Sponsor.  (Opposition at 2.)  Both times Defendants not only failed to correct Plaintiff but admitted he was a principal of the Sponsor, affirmatively stating "Brad Thurman was and still is a principal in the Sponsor."  (*Id.*)

In addition, the Plaintiff points to the offering plan (the "Plan," PX. 6) as a further example of Brad holding himself out as a principal of Sponsor.  The building at the center of the suit, 25 Murray Street, New York, New York (the "Building") was developed pursuant to New York General Business Law ("GBL") Article 23A, known as the Martin Act.  (*Id.*)  The Martin Act requires a written offering statement filed with the Attorney General which must contain detailed, truthful, and specific disclosures for potential clients.  *See Matter of Whalen v. Lefkowitz*, 36 N.Y.2d 75, 78 (1975); GBL § 352-e(1)(a).  The Martin Act authorizes the Attorney General to promulgate regulations which are codified in the New York Code of Rules and Regulations ("Regulations") at 13 NYCRR Part 20.

Given this requirement, Plaintiff notes the many instances where the Plan names Brad Thurman as principal of the Sponsor. The Plan discloses the principals of the Sponsor to be Brad and Harold Thurman:

> The sponsor is Tribeca Mews Ltd., a New York corporation whose principal office is at 2700 Grand Avenue, Bellmore, New York 11710.  *The principals of the Sponsor are Harold Thurman and Brad Thurman*.  None of the principals have been involved in an

5

offering of cooperative or condominium ownership in the past five
(5) years.

(Plan at 83) (emphasis added).

Brad executed a Certificate of Sponsor and Sponsors Principals ("Certification"), which

was added to the plan as the Regulations require. *See* GBL § 352-e; 13 NYCRR 20.1(c).  Here,

both Brad and Harold Thurman swore that they were principals of Sponsor, and certified that the

Plan did not contain any untrue statements of fact.  (Opposition at 4.)  In the section of the Plan

titled "The Board of Managers," it states that the first board of managers and the first officers of

the board would be comprised of the principals of Sponsor, Harold and Brad Thurman.

> The First Board of Managers shall consist of three individuals to be
> appointed by the Sponsor, who shall hold office and exercise all
> powers of the Board of Managers until the first annual meeting of
> Unit Owners. It is anticipated that the First Board of Managers and
> the first officers shall be comprised of the principals of the Sponsor,
> Harold Thurman and Brad Thurman.

(Plan at 58.)

The Plan states that Thurcon Properties, LTD, ("Thurcon"), the managing

agent for the Building, is owned and controlled by Sponsor and that the principals of the

Sponsor are the principals of Thurcon.  (Opposition at 4.)

Plaintiff goes on to argue that evidence established during the litigation further shows

Brad has held himself out as a principal of Sponsor.  In his response to the Notice to Admit, Brad

states that he is a principal of Sponsor:

> I am a principal of Tribeca Mews Ltd., the Sponsor of the Plan to
> convert to condominium ownership the premises known as 25
> Murray Street, New York, New York.

(*Id.* at 5.)

6

In a May 2009 letter sent to the Board by Thurcon signed by Brad Thurman, Brad said that he was not merely writing in his role as managing agent, but as a "principal of the sponsor of the offering plan converting the Building to condominium ownership." (*Id.*)

Given the numerous statements made by Brad Thurman claiming himself to be principal of Sponsor, Plaintiff claims that to allow Defendants to reverse his judicial admission in a sworn, counseled response would not do justice, but would prejudice Plaintiff. (*Id.*)

In regard to DX FFF, Plaintiff claims that the document alone should not negate the many instances where Defendants have claimed Brad Thurman to be a principal of Sponsor as a matter of law. (*Id.* at 8.)  The Regulations define a "principal" to include not only owners, but also individual sponsors, general partners, officers, directors, shareholders, and any other individuals who own or control an interest in the sponsor and actively participate in the planning or consummation of the offering, regardless of the sponsor's organizational form. (*Id.*); *see e.g., State of N.Y. v. Manhattan View Dev., Ltd.*, 191 A.D.2d 259, 259 (1st Dep't 1993) (holding that an individual defendant was a principal of the sponsor pursuant to 13 NYCRR 20.1(c)(2) where the defendant was a corporate officer of the sponsor entity, served as managing agent, oversaw construction, and signed a certification as a principal of the sponsor).

Therefore, Plaintiff concludes that the motion for withdrawal of mistaken admission was made disingenuously and should be denied.

## II.   <u>LEGAL STANDARD</u>

### A.  Rule 36

Courts apply a two-part test to determine the propriety of allowing amendment pursuant to FED. R. CIV. P. 36(b): "(1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result." *Stewart*, 2021 WL 406743, at *2.

Courts have determined that when "an admission is made inadvertently, or new evidence is discovered after the admission despite due diligence, Rule 36(b) withdrawal should be allowed." *Myers v. Mercedes-Benz USA, LLC*, 2024 WL 3740056, at \*4 (E.D. Va. June 26, 2024); *see also New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963) ("[A] court, unquestionably, has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission."). The moving party does not need to present evidence that the party requesting the admission was not prejudiced, as "withdrawal of a deemed admission will almost always be to the requesting party's detriment." *River Light V, L.P. v. Lin & J Int'l, Inc.*, 299 F.R.D. 61, 63 (S.D.N.Y. 2014). In addition, "[t]he prejudice contemplated by [FRCP] 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of the truth; rather, it relates to the difficulty a party may face in proving its case, for example by the unavailability of key witnesses in light of the delay." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir.2001).

Pursuant to Federal Rule of Civil Procedure 36(b), a matter admitted is conclusively established. FED. R. CIV. P. 36(b). Courts will not permit withdrawal of an admission unless the movant satisfies the heavy burden of establishing that withdrawal would promote the presentation of the merits of the action and that the court is not persuaded that withdrawal would prejudice the requesting party in maintaining or defending the action on the merits. *See* FED. R. CIV. P. 36(b); *Boyd v. Does It Even Matter, LLC*, 2021 WL 7209779, at \*5 (E.D.N.Y. Apr. 8, 2021) ("[Defendants'] speculative assertion that they could be prejudiced by withdrawal of the admissions falls well short of the 'special difficulties . . . caused by a sudden need to obtain evidence' contemplated by the Rule.").

8

Even if a party satisfies the two criteria under Rule 36, the decision whether to permit withdrawal remains within the sound discretion of the court. *Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651-52 (2d Cir. 1983); *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Tripodi*, 913 F. Supp. 290, 294 (S.D.N.Y. 1996). Allowing Defendants to withdraw an admission in an attempt to assert a different theory is prejudicial. *See Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004).

**B.  CPLR 3123(b)**

CPLR 3123(b) states that a court "may allow a party to amend or withdraw any admission on such terms as may be just." NY CPLR § 3123(b) (2025). This is because the underlying purpose of the notice to admit is "to eliminate from dispute those matters about which there can be no controversy." *Webb v. Tire & Brake Distrib., Inc.*, 786 N.Y.S.2d 636, 639 (2004) (quoting *Howlan v. Rosol*, 526 N.Y.S.2d 674 (1988)).

### III.  <u>DISCUSSION</u>

**A.  Rule 36(b)**

As mentioned above, Rule 36 sets is a two-prong test: the presentation of the merits must be aided with a withdrawal and that no prejudice to the party obtaining the admission will result. *See Stewart*, 2021 WL 406743, at *2.

1.    <u>The Merits Will Not Be Aided with Withdrawal</u>

Rule 36(b) permits withdrawal of an admission only when it would "promote the presentation of the merits of the action." *Boyd*, 2021 WL 7209779, at *2. Courts generally find this requirement satisfied where an admission effectively prevents a party from litigating a genuinely disputed issue. *Id.*

Here, withdrawal would not promote the presentation of the merits because Brad Thurman's status as a principal of the Sponsor has not been a genuinely disputed issue throughout this litigation.  Rather, Defendants have repeatedly represented that Brad is a principal of Sponsor in numerous sworn and official documents presented both to the Board and to various courts.  Those representations include the verified Response to the Notice to Admit, Brad's sworn affidavit in that response identifying himself as "a principal of Tribeca Mews Ltd., the Sponsor," correspondence to the Board describing himself as "a principal of the sponsor," Defendants' pleadings, and the Plan and Sponsor's Certification submitted to the Attorney General pursuant to the Martin Act and 13 NYCRR Part 20.  All of these identify Brad Thurman as a principal of Sponsor.

Courts have looked to records in these situations to preserve the merits and determine if withdrawal is necessary.  *See Donovan*, 703 F.2d at 652 (noting that the defendant's work records reinforced the district court's conclusion that withdrawal would not have improved its "presentation of the merits of the action").  The many records and admissions made by Brad confirm the admission that the Defendants are attempting to withdraw.  If this Court were to permit the withdrawal, it would allow Defendants to contradict years of consistent admissions and create a factual dispute which did not previously exist.

Courts consider consistency of the admissions when deciding whether to withdraw an admission.  In *Local Union No. 38 v. Tripodi*, withdrawal of the relevant admission was permitted where the defendant consistently asserted to the contrary: "from the very onset of this this litigation, defendant has asserted that he was not a member of Local 38 (the fact that he had previously admitted)." *Local Union No. 38*, 913 F. Supp. at 294.  This differs from this case,

where Defendants have claimed that Brad was a principal of the Sponsor for nearly two decades, changing tune only just before filing this Motion.

Moreover, Defendants' contention that Brad could not have been a principal because he served only as Vice President and Director is inconsistent with the governing regulations. Under 13 NYCRR 20.1(c)(2), a principal includes officers and directors of a corporate sponsor who actively participate in the planning or consummation of the offering. In *State of New York v. Manhattan View Development, Ltd.*, the court relied on the defendants' certifications identifying themselves as principals of the sponsor to conclude that they were principals within the meaning of the regulation. *See Manhattan View Dev.*, 595 N.Y.S.2d, at 13. Thus, DX FFF does not contradict Brad's repeated admissions that he was a principal of the Sponsor.

### 2.    Withdrawal Will Be Prejudicial

Rule 36(b) recognizes that withdrawal will always prejudice the requesting party, so the prejudice analysis is focused on the requestor's ability to maintain or defend the action on the merits. *See Boyd*, 2021 WL 7209779, at *4. Here, withdrawal would be prejudicial because this request comes after thirteen years of litigation and nearly two decades since Brad began a relationship with the Board, during which Brad's status as a principal of Sponsor was never disputed. Plaintiff litigated the State Court Action, conducted discovery, and developed its fiduciary duty claims in reliance on Defendants' consistent representations that Brad was a principal of the Sponsor. Permitting Defendants to withdraw that admission during trial would substantially alter the factual landscape and require Plaintiff to defend against a newly created dispute concerning an issue that had long been treated as undisputed.

For these reasons, the Court **DENIES** the withdrawal under Rule 36.

**B.   CPLR 3123(b)**

While Defendants' claim that their "inadvertent error" is a sound basis to grant the

requested relief pursuant to CPLR 3123(b) (*Riner v. Texaco, Inc.*, 635 N.Y.S.2d 658, 658 (2d

Dept. 1995)), to grant leave at this time would be granting relief thirteen years after the start of

the State Court Action and nine years after Brad Thurman answered the Notice to Admit.  As

discussed above, Brad Thurman in the intervening years has repeatedly held himself out as a

principal to Plaintiffs and in sworn documents submitted to courts and the Attorney General's

office.  CPLR 3121(b) is explicit in its language – a court "*may* allow a party to amend or

withdraw any admission on such terms *as may be just*."  NY CPLR § 3123(b) (2025).  There is

nothing in the rule requiring this Court to permit withdrawal if an error is found, and any

withdrawal must be a just determination.

Given the repeated statements by Defendants and the clear prejudice to Plaintiff as

discussed above, the Court **DENIES** the withdrawal under CPLR 3123(b).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the court **DENIES** the Motion for Withdrawal of Mistake

Admission under Rule 36(b) and CPLR 3123(b).

Dated:   July 20, 2026
         New York, New York

*Martin Glenn*
—————————————————
MARTIN GLENN
Chief United States Bankruptcy Judge
